IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 48, TRUSTEES OF ALLIED WORKERS LOCAL 48 PENSION FUND, TRUSTEES OF THE ALLIED WORKERS LOCAL 48 ANNUITY FUND and TRUSTEES OF THE ASBESTOS WORKERS LOCAL 48 JOINT APPRENTICESHIP TRAINING PROGRAM TRUST,<br><br>    Plaintiffs,<br><br>v.<br><br>ALL SERVICE INSULATION LLC,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. |

## COMPLAINT

COME NOW INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 48, the TRUSTEES OF ALLIED WORKERS LOCAL 48 PENSION FUND, TRUSTEES OF ALLIED WORKERS LOCAL 48 ANNUITY FUND, and TRUSTEES OF THE ASBESTOS WORKERS LOCAL 48 JOINT APPRENTICESHIP TRAINING PROGRAM TRUST by and through their attorneys complaining of the Defendant

ALL SERVICE INSULATION LLC (hereinafter "Defendant" or "All Service") and allege as follows:

1.

This action arises under the Labor Management Relations Act, as amended, 29 U.S.C. Chapter 7, §185(a) and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145.  Jurisdiction is founded on the existence of questions arising thereunder.

2.

Venue is proper in the United States District Court for the Northern District of Georgia under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), with respect to the Plaintiffs' claims because the Defendant's business is located and the breach took place in this district.

**PARTIES**

3.

International Association of Heat and Frost Insulators and Allied Workers Local 48 (hereinafter known as "Allied Workers Local 48") is an unincorporated association and labor organization within the meaning of 29 U.S.C. §§152(5) and 185 that represents insulation workers across industries including construction and maintenance, utility and manufacturing.  Allied Workers Local 48 is located at 48

374 Maynard Terrace SE, Atlanta, GA 30316.

4.

The Allied Workers Local 48 Pension Fund ("Pension Fund"), Allied Workers Local 48 Annuity Fund ("Annuity Fund") and Asbestos Workers Local 48 Joint Apprenticeship Training Program Trust ("Apprenticeship Fund") (hereinafter collectively "Trust Funds") are administered by designated Trustees pursuant to the terms and provisions of the Declarations of Trust governing said Funds.  The Trustees are required to maintain and administer the Funds in accordance with the provisions of the Labor Management Relations Act of 1947, as amended ("LMRA"), the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and other applicable state and federal laws.

5.

The Trustees of the Trust Funds exercise discretionary authority and control with respect to the management of, and with respect to the management and disposition of the assets of the Funds.  Accordingly, the Trustees are "fiduciaries" of the Funds within the meaning of ERISA §3(21), 29 U.S.C. §1002(21).  The Trustees bring this suit on behalf of the Funds and on behalf of the Funds' participants and beneficiaries and not in any individual capacity.

6.

Defendant, All Service Insulation LCC is an employer within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, et seq.  The Defendant is subject to the jurisdiction of this Court.  Service may be had upon the Defendant by serving its registered agent Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

**ALLEGATIONS**

7.

At all times material to Plaintiffs' cause Defendant has been a party to a Collective Bargaining Agreement ("CBA") with Allied Workers Local 48 and has employed persons within the trade and territorial jurisdiction of the CBA.

8.

The CBA also binds Defendant to the provisions of the Agreements and Declarations of Trust that created each of the Trust Funds.

9.

Among the terms of the current CBA is Article IV, Section 5, which provides the wage rates for bargaining unit employees and for the payment of Labor Management Cooperative Trust ("LMCT") Dues to Allied Workers Local 48 at the amount of $0.05 per hour for every man-hour worked.

10.

Article IV, Section 9 of the CBA requires Defendant to withhold from the wages of each employee covered by the Agreement the amount of 5.5% of the gross wages paid, and to pay all such withheld amounts monthly to Allied Workers Local 48 as Union Dues.

11.

Article IV, Section 9(A) of the CBA requires Defendant to withhold from each employee $0.60 per hour for each hour worked, and remit this amount on a monthly basis to Allied Workers Local 48 as Industry Dues.

12.

Article IV, Section 7 of the CBA requires the payment of the Pension Fund contribution rate to the Pension Fund for each man-hour worked as follows:

      $6.45 = Brown Card

      $2.90 = Orange Card, Firestoppers, Helpers, Luggers

      $1.90 = Indentured Apprentices (1st thru 5th year levels)

13.

Article IV, Section 7(A) of the CBA requires Defendant to pay to the Annuity Fund $2.00 for each man-hour worked by its Brown Card Journeymen employees under the CBA through March 31, 2019. For man-hours worked by

Brown Card Journeymen employees after April 1, 2019, Defendant is required to pay $2.50 to the Annuity Fund.

14.

Article IV, Section 8 of the CBA requires Defendant to pay $0.20 for each man-hour worked under the CBA to the Apprenticeship Training Fund.

15.

As provided in the CBA and Declaration of Trust, the Trustees of the Funds are required to receive, hold, and manage all monies required to be contributed by Defendant in accordance with the provision of the then applicable collective bargaining agreement, and the Trust Fund, for the uses and purposes set forth in the Agreement and Declaration of Trust.

16.

Notwithstanding the foregoing, the Defendant breached the provisions of the CBA and Trust Agreements by failing to submit monthly reports and contributions to the Pension Fund and the Annuity Fund for the months of September 2018 through April 2019.

17.

Defendant further breached the CBA and Apprenticeship Trust Agreement by failing to submit monthly reports and contributions to the Apprenticeship Fund

for the months of October 2018 through April 2019.

18.

In addition, Defendant breached the CBA by failing to submit LMCT, Union and Industry Dues to Allied Workers Local 48 for the months of October 2018 through April 2019.

19.

Plaintiffs, by and through undersigned counsel, have made monthly demand for delinquent reports and contributions to the Trust Funds, and by letter dated May 30, 2019 made demand for delinquent reports and contributions to the Trust Funds and for unpaid LMCT contributions, Union and Industry Dues.

20.

Plaintiffs complied with all conditions precedent in bringing this suit.

21.

Plaintiffs retained the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

**COUNT 1**

22.

Plaintiffs hereby incorporate by reference the allegations of Paragraphs 1-20 of the instant complaint and reallege same as if specifically plead herein.

23.

Defendant's refusal to remit LMCT contributions, Union and Industry Dues to Allied Workers Local 48 constitutes a breach of its obligations under the CBA, causes actual damage to Allied Workers Local 48, deprives it of the benefit of its bargain as reflected in the terms of the CBA, and undermines labor peace in an industry affecting interstate commerce.

## COUNT II

24.

Plaintiffs hereby incorporate by reference the allegations of Paragraphs 1-22 of the instant complaint and reallege same as if specifically plead herein.

25.

Defendant breached the provisions of the CBA and the Trust Agreements to make contribution reports and required payments thereon upon their respective due dates for employee work hours during the period September 2018 through April 2019 for the Pension and Annuity Funds, and during the period October 2018 through April 2019 for the Apprenticeship Fund.

26.

By the above described omissions and breaches by the Defendant, the condition of the Trust will be adversely affected and will cause said funds and its

employee beneficiaries, particularly those employee beneficiaries of the Defendant, substantial and irreparable harm.

27.

The Declarations of Trust provide for liquidated damages, interest, all costs of collection, including attorney's fees, as well as audit fees.  Because of the aforementioned omissions and breaches Defendant is liable for all the foregoing. Defendant is similarly liable for unpaid contributions, interest, liquidated damages, reasonable attorneys' fees, costs of action and such other legal or equitable relief as the court deems appropriate, under the express terms of ERISA, 29 U.S.C. §1132 and §1145.

28.

Plaintiff Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on the Defendant's part required to be performed under its collective bargaining agreement and applicable Declarations of Trust and is restrained from continuing to refuse to perform as thereunder required.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff funds herein respectfully pray for an Order of Specific Performance and Injunction against the Defendant, and that the following relief be granted:

(a) That Defendant be ordered to submit to Allied Workers Local 48 the monthly reports and required payment of LMCT, Union and Industry Dues for the months of October 2018 through April 2019;

(b) That Defendant be ordered to submit the monthly reports and resulting contributions to the Apprenticeship Fund for the months of October 2018 through April 2019;

(c) That Defendant be ordered to submit the monthly reports and resulting contributions to the Pension and Annuity Funds for the months of September 2018 through April 2019;

(d) That Defendant be ordered to pay interest and liquidated damages on the amount that is due pursuant to the Collective Bargaining agreement, the Trust Agreements and 29 U.S.C. §1132(g)(2)(B);

(e) That Defendant be ordered to pay to Plaintiffs all costs of this legal action and reasonable attorneys' fees as provided for in the applicable Declarations of Trust and ERISA, 29 U.S.C. §§1132 and 1145;

(f)     That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the cost of Defendant.

This the 28th day of June, 2019.

                Respectfully submitted,

                *s/Tessa A. Warren*
                TESSA A. WARREN
                Georgia Bar No. 435157

                *s/Nicolas M. Stanojevich*
                NICOLAS M. STANOJEVICH
                Georgia Bar No. 173544

                QUINN, CONNOR, WEAVER, DAVIES
                & ROUCO LLP
                3615 Covington Highway
                Decatur, GA 30032
                (404) 299-1211 x 131
                (404) 299-1288-fax
                Email: twarren@qcwdr.com
                        nstanojevich@qcwdr.com